UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD DURAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, Lancaster Prison,<br><br>　　　　　Respondent. | Case No. 2:25-cv-09033-HDV-RAO<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

I. **BACKGROUND**

On September 10, 2025, Petitioner Paul Edward Duran ("Petitioner"), proceeding *pro se* and requesting to proceed *in forma pauperis*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner seeks habeas relief from his current state incarceration arising from his 2014 conviction in Los Angeles County Superior Court, case no. BA415427 ("2014 conviction"). Dkt. No. 1 ("Pet.") at 2.

The records of this Court establish that Petitioner previously filed a habeas petition in this District related to his 2014 conviction. *See Duran v. Cate*, Case No. 2:16-cv-02666 (C.D. Cal. Apr. 19, 2016) ("2016 Petition"). The Court denied the 2016 Petition on the merits. *See* Order Accepting Report and Recommendation,

*Duran v. Cate*, No. 2:16-cv-02666 (C.D. Cal. Feb. 28, 2019), ECF No. 71. The same day, the Court entered judgment dismissing the 2016 Petition with prejudice. *Id.*, ECF No. 72.

A review of the instant Petition demonstrates that Petitioner again seeks federal habeas relief from his present state custody arising from his 2014 conviction. Pet. at 2-3. The Petition fails to establish that the Ninth Circuit has authorized Petitioner to bring a successive petition in this Court. For the reasons stated below, the Court dismisses the Petition for lack of jurisdiction.

## II. STANDARD OF REVIEW

A district court may rely on the petition and any attached exhibits to dismiss a petition that plainly shows that the petitioner is not entitled to habeas relief. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because a district court's ability to hear a second or successive petition is jurisdictional, the court may *sua sponte* dismiss the petition on that ground. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Day v. McDonough*, 547 U.S. 198, 205-06 (2006).

## III. DISCUSSION

Habeas petitions filed after April 24, 1996, are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Jones v. Davis*, 8 F.4th 1027, 1035 (9th Cir. 2021). The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in

§ 2244(b)(2).  § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton*, 549 U.S. at 152-53.

Because Petitioner's claims in the instant Petition challenge the same 2014 conviction previously challenged on the merits in a prior habeas action, the Court finds that the instant Petition is clearly second or successive. Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not sought, and been granted, authorization by the Ninth Circuit to file a successive petition for the purpose of raising his present claims. Petitioner must first seek authorization from the Ninth Circuit to file his petition. *Balbuena v. Sullivan*, 980 F.3d 619, 634-35 (9th Cir. 2020).

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. The reference to the Magistrate Judge is therefore vacated, and the Petition is dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 152-53. Any pending motions are denied as moot, and the Clerk is directed to enter judgment dismissing the Petition.

## IV.   CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## V. CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and
2. A Certificate of Appealability is **DENIED**.

DATED: 9/26/25

_____
HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE